UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KRISTEN LANDESS, individually and as ADMINISTRATRIX of the ESTATE of CAITLIN LANDESS,<br>Plaintiff,<br><br>v.<br><br>AMERICAN HONDA MOTOR CO., INC., HONDA MOTOR CO., LTD., HONDA R & D AMERICAS, INC., HONDA OF AMERICA MANUFACTURING, INC., HONDA NORTH AMERICA, INC., ABC DISTRIBUTOR<br>Defendants. | C.A. No. 05CA11847REK |

## AMERICAN HONDA MOTOR CO., INC.'S ANSWER TO PLAINTIFF'S COMPLAINT AND JURY DEMAND

### PARTIES

1.  American Honda Motor Co., Inc. ("AHM") is without sufficient knowledge or information to form a belief as to the truth of the averments of Paragraph 1 of the Complaint.

2.  AHM admits that it is a California corporation with a principal place of business at 1919 Torrance Boulevard, Torrance, Los Angeles County, California, with a registered agent for service of process located at CT Corporation Systems, 101 Federal Street, Boston, Suffolk County, Massachusetts, and is a wholly owned subsidiary of Honda Motor Co., Ltd. and that AHM was the distributor of the 1985 Honda ATC 250 SX all-terrain cycle, VIN JH3TE0423FM053595, but denies the remaining averments as to AHM.

3.  AHM admits that Honda Motor Co., Ltd. is a foreign corporation with a principal place of business at 2-1-1 Minami-Aoyama, Minato-ku, Tokyo, 107-8556, Japan, and that it is the parent corporation of AHM and that Honda Motor Co., Ltd. manufactured the 1985 Honda ATC 250 SX all-terrain cycle, VIN JH3TE0423FM053595, but is without sufficient knowledge or information to form a belief as to the truth of the remaining averments in Paragraph 3 of the Complaint

4-7.   AHM is without sufficient knowledge or information to form a belief as to the truth of the averments of Paragraphs 4-7 of the Complaint.

## FACTUAL ALLEGATIONS

8-10.   AHM without sufficient knowledge or information to form a belief as to the truth of the averments of Paragraphs 8-10 of the Complaint.

11.   Denied.

## COUNT I
## (NEGLIGENCE)

12.   AHM repeats and incorporates by reference its responses to paragraphs 1-11 of the Complaint.

13-15.  Denied as to AHM.

**WHEREFORE**, AHM demands judgment be entered in its favor dismissing the Complaint along with interest, costs and disbursements incurred herein.

## COUNT II
## (BREACH OF WARRANTY)

16.   AHM repeats and incorporates by reference its responses to paragraphs 1-15 of the Complaint.

17-18.  Denied as to AHM.

**WHEREFORE**, AHM demands judgment be entered in its favor dismissing the Complaint along with interest, costs and disbursements incurred herein.

## COUNT III
## (PUNITIVE DAMAGES)

19.   AHM repeats and incorporates by reference its responses to paragraphs 1-18 of the Complaint.

20-21.  Denied as to AHM.

**WHEREFORE**, AHM demands judgment be entered in its favor dismissing the Complaint along with interest, costs and disbursements incurred herein.

## COUNT IV
## (LOSS OF CONSORTIUM)

22.  AHM repeats and incorporates by reference its responses to paragraphs 1-21 of the Complaint.

23.  Denied as to AHM.

**WHEREFORE**, AHM demands judgment be entered in its favor dismissing the Complaint along with interest, costs and disbursements incurred herein.

## COUNT V
## (NEGLIGENCE)
### Against Defendant ABC Distributor

24.  AHM repeats and incorporates by reference its responses to paragraphs 1-23 of the Complaint.

25-27. Paragraphs 25-27 of Count V of the Complaint contain allegations which are not directed to AHM and to which no response is required. To the extent paragraphs 25-27 are intended to allege any fault, wrongdoing, liability or damages attributable to AHM, they are expressly denied.

**WHEREFORE**, AHM demands judgment be entered in its favor dismissing the Complaint along with interest, costs and disbursements incurred herein.

## COUNT VI
## (BREACH OF WARRANTY)
### Against Defendant ABC Distributor

28.  AHM repeats and incorporates by reference its responses to paragraphs 1-27 of the Complaint.

29-30. Paragraphs 29-30 of Count VI of the Complaint contain allegations which are not directed to AHM and to which no response is required. To the extent paragraphs 29-30 are intended to allege any fault, wrongdoing, liability or damages attributable to AHM, they are expressly denied.

**WHEREFORE**, AHM demands judgment be entered in its favor dismissing the Complaint along with interest, costs and disbursements incurred herein.

## COUNT VII
## (PUNITIVE DAMAGES)
### Against Defendant ABC Distributor

31.  AHM repeats and incorporates by reference its responses to paragraphs 1-30 of the Complaint.

32-33. Paragraphs 32-33 of Count VII of the Complaint contain allegations which are not directed to AHM and to which no response is required. To the extent paragraphs 32-33 are intended to allege any fault, wrongdoing, liability or damages attributable to AHM, they are expressly denied.

**WHEREFORE**, AHM demands judgment be entered in its favor dismissing the Complaint along with interest, costs and disbursements incurred herein.

## COUNT VIII
## (LOSS OF CONSORTIUM)
### Against Defendant ABC Distributor

34. AHM repeats and incorporates by reference its responses to paragraphs 1-33 of the Complaint.

35. Paragraph 35 of Count VIII of the Complaint contain allegations which are not directed to AHM and to which no response is required. To the extent paragraph 35 is intended to allege any fault, wrongdoing, liability or damages attributable to AHM, it is expressly denied.

**WHEREFORE**, AHM demands judgment be entered in its favor dismissing the Complaint along with interest, costs and disbursements incurred herein.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

The Plaintiff's Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

The plaintiff's claim for breach of warranty is barred by the plaintiff's failure to provide timely notice of the alleged breach of warranty to AHM and AHM has been prejudiced thereby.

## THIRD AFFIRMATIVE DEFENSE

The plaintiff's injuries and damages, if any, were caused by third persons over whom AHM exercised neither control nor responsibility.

## FOURTH AFFIRMATIVE DEFENSE

The plaintiff's claims are barred because the decedent voluntarily and unreasonably proceeded to encounter a known danger.

### FIFTH AFFIRMATIVE DEFENSE

The plaintiff's claim is barred, in whole or in part, because the decedent and or a third party was the proximate cause of her own injuries.

### SIXTH AFFIRMATIVE DEFENSE

The plaintiff's damages, if any, must be reduced accordingly by the plaintiff's failure to mitigate her damages.

### SEVENTH AFFIRMATIVE DEFENSE

The plaintiff is barred from recovery, in whole or in part, because the decedent's alleged injuries and damages, if any, resulted from her own comparative fault and/or contributory negligence.

### EIGHTH AFFIRMATIVE DEFENSE

The plaintiff's claims are barred because they failed to preserve or otherwise spoliated the evidence.

### NINTH AFFIRMATIVE DEFENSE

The plaintiff's claims are barred by the applicable Statute of Limitations.

### TENTH AFFIRMATIVE DEFENSE

The plaintiff's claims for relief pursuant to G.L. c. 93A are barred because they failed to deliver a legally adequate pre-suit demand for relief.

### ELEVENTH AFFIRMATIVE DEFENSE

The plaintiff's claim pursuant to G.L. c. 93A is barred to the extent it is based on 940 C.M.R. Section 3.08 because that regulation, as construed by the Supreme Judicial Court, is ultra vires the Attorney General's authority under G.L. c. 93A section 2.

### JURY DEMAND

AHM demands a trial by jury on all issues.

AMERICAN HONDA MOTOR CO., INC.,

By their Attorneys,

James M. Campbell (BBO# 541882)
Adam A. Larson (BBO# 632634)

Campbell Campbell Edwards & Conroy, P.C
One Constitution Plaza
Boston, MA 02129
(617) 241-3000

## CERTIFICATE OF SERVICE

I, Adam A. Larson, hereby certify that on September 15, 2005, a true copy of the above document was served upon plaintiff's counsel electronically and by via first-class mail, postage prepaid.

_____
Adam A. Larson

6