UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KRISTEN LANDESS, individually and as ADMINISTRATRIX of the ESTATE of CAITLIN LANDESS,<br>    Plaintiff,<br><br>v.<br><br>AMERICAN HONDA MOTOR CO., INC., HONDA MOTOR CO., LTD., HONDA R & D AMERICAS, INC., HONDA OF AMERICA MANUFACTURING, INC., HONDA NORTH AMERICA, INC., ABC DISTRIBUTOR<br>    Defendants. | C.A. No. 05CA11847REK |

## JOINT STATEMENT OF THE PARTIES

The parties to this action, plaintiff Kristen Landess, individually and as Administratrix of the Estate of Caitlin Landess, and defendant American Honda Motor Co., Inc. ("American Honda"), submit this Joint Statement pursuant to Local Rule 16.1(D)(1) and (2) and the Notice of Scheduling Conference dated January 11, 2006. All of the proposals with respect to pretrial matters contained in this Statement are made jointly by the parties.

1.      <u>Brief Background</u>

This is a complex product liability action arising out of an accident that occurred on September 1, 2002 in which the plaintiff alleges that Joshua Bennett was operating a 1985 Honda ATC 250 SX, All Terrain Cycle (ATC) and thirteen year old Caitlin Landess was a passenger. The plaintiff further alleges that during Joshua Bennett's operation of the ATC, Caitlin Landess' left leg became caught in the ATC's rear left tire, which

caused her to be thrown from the ATC and to sustain fatal injuries. Plaintiff alleges negligence, breach of warranty, punitive damages, and loss of consortium against American Honda. American Honda denies the plaintiff's allegations and also asserts affirmative defenses. Both parties have demanded trial by jury.

A proposed agenda for the conference is set forth below.

2.   Trial by Magistrate Judge

Neither party consents to trial before a magistrate judge.

3.   Phased Discovery

The parties have discussed the concept of phased discovery, but do not believe that it would be helpful in the particular circumstances of this case.

4.   Automatic Disclosures

American Honda has served their initial Fed. R. Civ. P. 26(a)(1) disclosures and plaintiff will be serving theirs within two weeks of the initial scheduling conference, by January 25, 2006.

5.   Settlement

The plaintiff has made a written settlement demand pursuant to M.G.L. c. 93A and American Honda responded to it. The plaintiff has responded to American Honda's offer with a new demand. American Honda has made another offer to the plaintiff in response to the new demand.

6.   Proposed Discovery Plan

The Parties propose that discovery be conducted in accordance with the following provisions:

(a)   Interrogatories

2

      (i)      Each side shall be limited to a total of 30 interrogatories per party.

      (ii)     Each side may divide its permitted interrogatories into as many separate sets as it wishes.

      (iii)    No interrogatories shall be served later than June 1, 2006.

(b) **Fed. R. Civ. P. 34 Requests**

      (i)      Each side shall be limited to a total of 30 document requests per party.

      (ii)     Each side may divide its permitted document requests into as many separate sets as it wishes.

      (iii)    No Rule 34 requests shall be served later than June 1, 2006.

(c) **Fed. R. Civ.P.36 Requests**

      (i)      Each side shall be limited to a total of 30 Rule 36 requests for admission of facts per party.

      (ii)     Each side may divide its permitted requests for admission into as many separate sets as it wishes.

      (iii)    No Rule 36 requests for admission shall be served later than June 1, 2006.

(d) **Non-Party Documents-Only Subpoenas**

      (i)      There shall be no specific numerical limit on the number of documents-only subpoenas that the parties may serve on non-parties pursuant to Fed.R.Civ. P. 34(c) and 45. This provision is, however, without prejudice to the right of any party and of any non-party to move for a protective order with respect to documents-only subpoenas, which they deem excessive, unreasonable, or otherwise inappropriate.

      (ii)     The party serving a non-party documents-only subpoena shall serve a copy of the subpoena on counsel for the other party on or before the date the subpoena is served on the records custodian. The party serving the subpoena shall provide counsel for the other party with copies of all documents received in response to it upon such counsel's written request for copies and agreement to pay the reasonable cost of making the copies.

(e) <u>Depositions of Fact Witnesses</u>

    (i) Each side shall be limited to a total of 20 depositions of fact witnesses, except that the following shall not be counted toward the numerical limit on fact witness depositions:

        (A) Depositions of health care professionals who provided diagnosis, care or treatment of the plaintiff Kristen Landess or Caitlin Landess.

        (B) Depositions of police officers, fire fighters, ambulance attendants and EMTs who provided assistance at the accident scene.

    (ii) Depositions of fact witnesses who neither reside nor work in Massachusetts shall be taken in or near the locality in which the witness resides or works, unless both parties and the witness agree or the court orders otherwise.

    (iii) No deposition of a fact witness shall last more than 6 hours, exclusive of a 1 hour lunch break, unless both parties and the witness agree or the court orders otherwise.

    (iv) Any party may record the deposition of any fact witness by audiovisual means without further order of the court so long as the deposition is recorded by stenographic means as well as audiovisual means. The party wishing to record a deposition by audiovisual means shall so state in the notice of taking of deposition and shall notify the other party at least 14 days in advance of the identity of the person or entity which will perform the audiovisual recordation. Nothing in this subsection shall be to the prejudice of any party or witness to seek a protective order with respect to proposed audiovisual recordation of a deposition if the party or witness believes there is good cause for such an order.

    (v) All discovery depositions of fact witness shall be concluded no later than July 31, 2006.

(f) <u>Expert Disclosures</u>

    (i) The plaintiff shall provide her Rule 26(a)(2) disclosure with respect to proposed trial experts no later than August 1, 2006. American Honda shall provide its Rule 26(a)(2) disclosure with respect to proposed trial experts no later than September 1, 2006.

(ii) The plaintiff shall produce his proposed trial experts for deposition no later than October 1, 2006. American Honda shall produce its proposed trial experts for deposition no later than November 1, 2006.

(iii) Proposed trial experts shall be produced for deposition without need for service of a subpoena upon the witness. The party seeking the deposition shall serve a deposition notice with, if appropriate, a request for specified documents appended to it. It shall be the responsibility of the party proposing to introduce the proposed expert's testimony at trial to assure that the witness appears in accordance with the notice and produces the requested documents, except insofar as timely objection is made thereto.

(iv) The parties shall cooperate in selecting dates for depositions of proposed experts that are consistent with subsection (ii) and which are reasonably convenient for all counsel and the witnesses. It shall be the responsibility of counsel for the parties to notify each of their proposed expert witnesses of the provisions of this order regarding depositions of experts no later than two months before the Rule 26(a)(2) disclosures with respect to such experts are made, and to take timely measures to assure such witnesses' availability for deposition in accordance with subsection (ii).

(v) There shall be no specific limit to the length of any expert deposition. This provision is not, however, to the prejudice of any party or expert witness to seek a protective order with respect to a deposition which the party or witness deems to be unduly protracted.

(vi) Depositions of proposed trial experts shall be taken in or near the locality in which the witness works or resides unless both parties and the witness agree otherwise.

(vii) Any party may record the deposition of any proposed expert witness by audiovisual means without further order of the court so long as the deposition is recorded by stenographic means as well as audiovisual means. The party wishing to record a deposition by audiovisual means shall so state in the notice of taking of deposition and shall notify the other party at least 14 days in advance of the identity of the person or entity which will perform the audiovisual recordation. Nothing in this subsection shall be to the prejudice of any party or witness to seek a protective order with respect to proposed audiovisual recordation of a deposition if the party or witness believes there is good cause for such an order.

 (viii) The party taking the deposition of a proposed expert witness shall be responsible for paying the witness for (a) his or her time actually spent at the deposition, (b) his or her time actually spent traveling to and from the deposition, except insofar as such travel may be attributable in part to other business of the witness, and (c) reasonable expenses (including coach air fare) actually incurred in traveling to and from the deposition, except insofar as such expenses may be attributable in part to other business of the witness. Such payment shall be made within 60 days after receipt by counsel who took the deposition of a bill itemizing the reimbursable charges described in this subsection. Payment for the witness' time shall be at the same rate charged by the witness for his or her services performed for the party which retained him or her, and not at a premium or flat rate, unless otherwise agreed by the parties.

 (ix) The party that takes the deposition of a proposed trial expert shall be entitled to receive copies of documents produced by the witness in accordance with the deposition notice and subsection (iii) upon the party's request for them and agreement to pay the reasonable copying cost.

7. <u>Schedule for Motions</u>

 (a) Motions to amend the pleadings shall be filed no later than February 28, 2006.

 (b) Motions to add third-party defendants shall be filed no later than February 28, 2006, except insofar as any amendment to the complaint allowed after the date of this order may make such addition appropriate. A motion to add a third-party defendant that is made appropriate by any such amendment shall be filed no later than 45 days after the amendment is allowed.

 (c) Dispositive motions shall be filed no later than January 15, 2007.

 (d) Motions for confidentiality orders with respect to materials requested in discovery and motions for protective orders with respect to discovery proceedings may be filed at any reasonable time after the issues to which they pertain arise, but before filing any such motion counsel for all parties shall engage in good faith negotiations in an effort to resolve the issues by agreement.

8.   Final Pretrial Conference and Trial Date

The final pretrial conference should be convened on a date convenient to the court during February, 2007. Trial should be scheduled for a date convenient to the court after April, 2007.

9.   Modification of Proposed Discovery Plan

The parties agree that the provisions of the proposed discovery plan set forth herein shall be modified by the parties only by order of the court, and only upon a showing of good cause supported by affidavits, other evidentiary materials or references to pertinent portions of the records.

| | |
|---|---|
| **KRISTEN LANDESS** | **AMERICAN HONDA MOTOR CO., INC.** |
| By Her Attorneys, | By its Attorneys, |
| **FLYNN LAW FIRM** | **CAMPBELL CAMPBELL EDWARDS & CONROY, P.C.** |
| Robert H. Flynn | James M. Campbell (BBO# 541882) |
| Tom Warboys | Adam A. Larson (BBO# 632634) |
| 27 Mica Lane | One Constitution Plaza |
| Wellesley, MA 02481 | Boston, MA 02129 |
| (781) 239-1005 | (617) 241-3000 |

### CERTIFICATION

I hereby certify that I served the within document, by causing a copy to be delivered by first class mail and electronically to the plaintiff on January 9, 2006.

Adam A. Larson

7

# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| KRISTEN LANDESS, individually and as ADMINISTRATRIX of the ESTATE of CAITLIN LANDESS,<br>      Plaintiff,<br><br>v.<br><br>AMERICAN HONDA MOTOR CO., INC., HONDA MOTOR CO., LTD., HONDA R & D AMERICAS, INC., HONDA OF AMERICA MANUFACTURING, INC., HONDA NORTH AMERICA, INC., ABC DISTRIBUTOR<br>      Defendants. | C.A. No. 05CA11847REK |

## LOCAL RULE 16.1(D)(3) CERTIFICATION

American Honda Motor Co., Inc. and their counsel have conferred:

(a) with a view to establishing a budget for the costs of conducting the full course—and various alternatives—of the litigation; and

(b) to consider the resolution of the litigation through the use of alternative dispute resolution programs such as those outlined in Local Rule 16.4

AMERICAN HONDA MOTOR CO., INC.

By its Attorneys,
CAMPBELL CAMPBELL EDWARDS & CONROY, P.C.

_/s/ James M. Campbell_
James M. Campbell (BBO# 541882)
Adam A. Larson (BBO# 632634)
One Constitution Plaza
Boston, MA 02129
(617) 241-3000

AMERICAN HONDA MOTOR CO., INC.
REPRESENTATIVE

_/s/ Daniel Bauch_
Daniel Bauch, Esq.
700 Van Ness Avenue
Torrance, CA 90509
(310) 783-2000